2021 IL App (1st) 192485-U

FIFTH DIVISION
Order filed: September3, 2021

No. 1-19-2485

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT
_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County |
| | ) | |
| v. | ) | No. 95 CR 22442 |
| | ) | |
| | ) | |
| JOSE GARCIA, | ) | Honorable |
| | ) | James B. Linn, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE HOFFMAN delivered the judgment of the court.
Justices Cunningham and Rochford concurred in the judgment.

**ORDER**

¶ 1    *Held*:  We affirmed the trial court's denial of the defendant's *pro se* motion for leave to file a successive postconviction petition that asserted a claim under the eighth amendment to the United States Constitution. We held that the defendant's argument on appeal that his sentence violates the proportionate penalties clause of the Illinois Constitution is forfeited as the argument was not raised in his motion to file a successive postconviction petition or in the petition itself. We also held that, forfeiture aside, the defendant's claim failed on the merits for the following reasons: his 60-year prison sentence was not a *de facto* life sentence because he is eligible to receive day-for-day, good-conduct credit and his proposed successive

postconviction petition failed to set forth any individual characteristics, other than his age, that would entitle him to the sentencing protections afforded to juveniles under the eighth amendment.

¶ 2     The defendant, Jose Garcia, appeals from an order of the circuit court, denying him leave to file a successive postconviction petition challenging his 60-year sentence for first-degree murder and concurrent prison term of 15 years for aggravated discharge of a firearm as a violation of the eighth amendment to the United States Constitution (U.S. Const., amend. VIII). For the reasons which follow, we affirm.

¶ 3     On July 13, 1995, Alejandro Ocampo was shot and killed. The defendant, who was 18 years old at the time of the shooting, was charged with, *inter alia,* Alejandro's murder and aggravated discharge of a firearm against Orlando Ocampo, Alejandro's brother. Following a jury trial, the defendant was found guilty of first-degree murder and aggravated discharge of a firearm. He was sentenced 60-years' imprisonment for first degree murder and a concurrent prison term of 15 years for aggravated discharge of a firearm. On direct appeal, this court affirmed the defendant's conviction and sentences. *People v. Jose Garcia*, No. 1-96-4241 (1998) (unpublished order under Supreme Court Rule 23).

¶ 4     On November 30, 1998, the defendant filed a petition for relief under the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 1996)). The circuit court summarily dismissed that petition, and the defendant appealed. This court affirmed the summary dismissal. *People v. Jose Garcia*, No. 1-99-0161 (2001) (unpublished order under Supreme Court Rule 23).

¶ 5     On July 17, 2003, the defendant, *pro se,* filed his first successive petition for postconviction relief under the Act. Counsel was appointed for the defendant, and a supplemental petition was filed. Following a third-stage evidentiary hearing under the Act, the circuit court denied the petition, and the defendant appealed. Subsequently, the defendant's appointed appellate counsel

filed a motion for leave to withdraw pursuant to *Pennsylvania v. Finley*, 481 U.S. 551 (1987). Finding no arguable issues of merit, this court granted counsel's motion to withdraw and affirmed the circuit court's denial of the defendant's petition. *People v. Jose Garcia*, No. 1-06-2063 (2007) (unpublished order under Supreme Court Rule 23).

¶ 6 In November 2013, the defendant filed a petition for mandamus pursuant to section 14-101 of the Code of Civil Procedure (Code) (735 ILCS 5/14-101 *et seq.* (West 2012)). The defendant also filed a *pro se* petition for relief from judgment pursuant to section 2-1401 of the Code (735 ILCS 5/2-1401 (West 2012)). The circuit court denied both petitions, and its orders were affirmed on appeal. *People v. Jose Garcia*, No. 1-14-0885 (2015) (unpublished order under Supreme Court Rule 23).

¶ 7 On July 10, 2014, the defendant filed a *pro se* motion for leave to file a second successive petition for postconviction relief under the Act. The circuit court denied the motion, and the defendant appealed. This court affirmed the circuit court's order. *People v. Jose Garcia*, 2017 IL App (1st) 143380-U.

¶ 8 On September 12, 2019, the defendant filed a third *pro se* motion for leave to file a successive petition for postconviction relief under the Act, attaching to the motion the successive *pro se* petition for which leave to file was sought. The only claim set forth by the defendant in that petition is that his 60-year sentence is a *de facto* life sentence in violation of the eighth amendment to the United States Constitution. On September 24, 2019, the circuit court denied the defendant leave to file the successive petition, and this appeal followed.

¶ 9 In urging reversal of the circuit court's order denying his motion to file his successive postconviction petition, the defendant argued in his opening brief that he "established sufficient cause and prejudice to file a successive petition alleging that his 60-year *de facto* life sentence for

offenses he committed when he was 18 years old is unconstitutional as applied to him under the proportionate penalties clause of the Illinois Constitution [(Ill. Const. 1970, art. I, § 11)]." In support of the circuit court's order, the State argues that the issue raised by the defendant on appeal has been forfeited as it was never raised in the successive petition for postconviction relief attached to his motion for leave to file. It also argues that the defendant's 60-year sentence is not a *de facto* life sentence, and consequently, the defendant is unable to establish the prejudice required for the filing of a successive postconviction petition. We agree with the State.

¶ 10    Addressing the issue of forfeiture first, we note, as the State has asserted, that the successive postconviction petition attached to the defendant's motion for leave to file raised a single claim: his 60-year sentence violated the eighth amendment to the United States Constitution. The defendant made no claim in that petition that his sentence violated the proportionate penalties clause of the Illinois Constitution. The proportionate penalties clause claim was raised for the first time in his brief on appeal.

¶ 11    In *People v. Coleman,* 183 Ill. 2d 366, 388 (1998), the supreme court held that "[t]he question raised in an appeal from an order dismissing a post-conviction petition is whether the allegations in the petition, liberally construed and taken as true, are sufficient to invoke relief under the Act." In *People v. Jones,* 211 Ill. 2d 140, 148 (1998), the supreme court, citing *Coleman* as authority, held that any issue to be reviewed on appeal must be presented in the petition filed in the circuit court and that a defendant may not raise an issue for the first time on appeal. The supreme court reaffirmed its position on the issue in its decision in *People v. Dorsey*, 2021 IL 123010, ¶¶ 70-72. Failure to raise a proportionate penalties clause claim in a motion to file a successive postconviction petition or in the petition itself results in a forfeiture of the claim for purposes of appeal. *Id.* ¶ 70.

¶ 12 The defendant argues that the proportionate penalties claim he raised on appeal has not been forfeited. He contends that the claim is based upon the same information and arguments that are contained in his successive postconviction petition that asserted a claim based upon a violation of the eight amendment to the United States Constitution. According to the defendant, "[a] claim under the Proportionate Penalties clause [of the Illinois Constitution] has the identical analysis as a claim under the Eighth Amendment [to the United States Constitution] and the Eighth Amendment analysis applies *** [to him] under the Illinois Constitution." The defendant concludes, therefore, that this court should review the sufficiency of the proportionate penalties claim set forth in his brief. Assuming for the sake of analysis only that the claim set forth by the defendant on appeal grounded in an alleged violation of the proportionate penalties clause is sufficiently developed in the successive postconviction petition he sought leave to file so as to allow review of the claim in the context of this appeal, forfeiture aside, we would still affirm the trial court's order denying the defendant's motion for leave to file the successive postconviction petition.

¶ 13 Under the Act, a defendant may raise a claim of a constitutional violation in his trial or in sentencing. *People v. Edwards,* 2012 IL 111711, ¶ 21. The Act contemplates the filing of one postconviction petition. *Id.* ¶ 22. Claims not raised in an initial petition are waived (*Id.* ¶ 21) unless the defendant can show cause for and prejudice from failing to raise the claim in the earlier petition or makes a colorable claim of actual innocence (*People v. Robinson*, 2020 IL 123849, ¶ 42). Absent a claim of actual innocence, the defendant must establish both cause and prejudice in order to prevail on a motion for leave to file a successive postconviction petition. *People v. Pitsonbarger*, 205 Ill. 2d 444, 464 (2002). Our review of the trial court's denial of leave to file a successive postconviction petition is *de novo*. *Robinson*, 2020 IL 123849, ¶ 39.

¶ 14    The Act defines "cause" as "an objective factor that impeded [the defendant's] ability to raise a specific claim during his or her initial postconviction proceedings." 725 ILCS 5/122-1(f) (West 2016). To establish "prejudice," a defendant must demonstrate that the claim not raised in an initial postconviction proceeding "so infected the trial that the resulting conviction or sentence violated due process." *Id.*

¶ 15    In his opening brief, the defendant asserted that his 60-year sentence was a *de facto* life sentence. In *People v. Buffer,* 2019 IL 122327, ¶ 41, the supreme court held that a sentence of more than 40 years is a *de facto* life sentence. In his reply brief, however, the defendant conceded that his 60-year sentence, which is subject to a day-for-day good time credit (see 730 ILCS 5/3-6-3(a)(2) West 1996)), is not a *de facto* life sentence as it is possible that he will be released after serving 30 years. See *Dorsey,* 2021 IL 123010, ¶ ¶ 49-65 (finding that a "statutory good-conduct scheme" that affords the defendant an opportunity for release prior to serving 40 years in prison is not a *de facto* life sentence). It follows, therefore, that the defendant could not satisfy the prejudice prong of the cause-and-prejudice test for bringing a successive postconviction petition with respect to his eighth amendment claim. *Dorsey,* 2021 IL 123010, ¶ 65.

¶ 16    In *People v. Harris,* 2018 IL 121932, ¶¶ 54-61, the supreme court set 18 as the cutoff for juvenile sentencing protections in the eighth amendment context. The defendant in this case was convicted and sentenced for a murder that he committed when he was 18. Consequently, the decision in *Harris* foreclosed the defendant's eighth amendment argument that his age and sentence qualify him for the protections afforded to juveniles pursuant to the holding in *Miller v. Alabama,* 567 U.S. 460 (2012). However, the *Harris* court left open the question of whether a defendant convicted and sentenced to a *de facto* life sentence for a crime that was committed when he was 18 years old could raise an as-applied challenge to his sentence under the proportionate

penalties clause of the Illinois Constitution. *Harris*, 2018 IL 121932, ¶ 48. The supreme court held that such a claim is more appropriately brought in a proceeding under the Act or by means of a petition pursuant to section 2-1401 of the Code of Civil Procedure (735 ILCS 5/201401 (West 2018)). *Id.*

¶ 17    The defendant argues that the sentencing protection afforded a defendant under the proportionate penalties clause of the Illinois Constitution is more expansive that the protection afforded under the eighth amendment to the United States Constitution. He contends that he satisfied both the cause and prejudice requirements in order to prevail on a motion for leave to file a successive postconviction petition grounded in a violation of the proportionate penalties clause. We disagree for the same reason that he failed to satisfy the prejudice prong of the cause-and-prejudice test for bringing a successive postconviction petition grounded in a claim pursuant to the eighth amendment: his 60-year sentence is not a *de facto* life sentence.

¶ 18    There is another reason for our affirmance of the trial court's order denying the defendant's motion for leave to file the successive postconviction petition attached to that motion. "Young adult defendants are not entitled to a presumption that *Miller* applies to them." *People v. Ruiz*, 2020 IL App (1st) 163145, ¶ 52. "[U]nder *Harris*, a young adult defendant must plead and ultimately prove, that his or her individual characteristics require the application of *Miller*." *Id.* The petition and accompanying documents must contain sufficient facts to justify further proceedings. "[T]he defendant must show 'how the evolving science on maturity and brain development that helped form the basis for the *Miller* decision applies to defendant's specific facts and circumstances.' " *Id.* ¶ 52 (quoting *Harris*, 2018 IL 121932, ¶ 46).

¶ 19    In the successive postconviction petition attached to his motion for leave to file, the defendant asserted that he was a juvenile when he committed the offenses for which he received a

60-year sentence. However, the record reflects that the defendant's age at the time that he committed the offenses was an issue at trial. The State introduced a certified copy of the defendant's birth certificate showing the defendant's date of birth as April 30, 1977, and based thereon, the circuit court found that the defendant was 18 on July 13, 1995, the date on which he shot and killed Alejandro. In his brief before this court, the defendant asserts that he was 18 at the time he committed the offenses for which he received a 60-year sentence.

¶ 20    Other than alleging his age when he committed the murder for which he was convicted and sentenced to 60-years' imprisonment, the successive postconviction petition that the defendant sought leave to file fails to set forth any individual characteristics that, even arguably, would require a sentencing court to apply to him the sentencing protections set forth in *Miller*. Having failed to allege facts showing that the holding in *Miller* should apply to his particular circumstances, the successive postconviction petition that the defendant sought leave to file is insufficient to support an as-applied challenge to his sentence under the proportionate penalties clause of the Illinois Constitution.

¶ 21    Based on the foregoing analysis, we agree with the State; the defendant has forfeited the argument that his 60-year sentence violated the proportionate penalties clause of the Illinois Constitution. Forfeiture aside, we find 1) that the defendant cannot satisfy the prejudice prong of the cause-and-prejudice test for bringing a successive postconviction petition alleging either a violation of the eighth amendment of the United States Constitution or a violation of the proportionate penalties clause of the Illinois Constitution, and 2) that the successive postconviction petition attached to the defendant's motion for leave to file failed to allege facts sufficient to support an as-applied challenge to the defendant's sentence under either the eighth amendment or

the proportionate penalties clause. Consequently, we affirm the trial court's order denying the defendant's motion for leave to file a successive postconviction petition.

¶ 22    Affirmed.